In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3667

SCOTT A. HEIMERMANN,

*Plaintiff-Appellant*,

*v.*

JON E. LITSCHER, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 02-C-411-C—**Barbara B. Crabb**, *Chief Judge*.

SUBMITTED JUNE 25, 2003*—DECIDED JULY 18, 2003

Before BAUER, COFFEY, and EVANS, *Circuit Judges*.

PER CURIAM. Wisconsin inmate Scott Heimermann has filed numerous frivolous lawsuits in the federal courts, earning himself three "strikes" under 28 U.S.C. § 1915(g). He is thus prohibited from bringing a civil action *in forma pauperis* unless he is "under imminent danger of serious

---

* We granted the appellees' motion for non-involvement due to lack of service in the district court. Accordingly, this appeal has been submitted without the filing of a brief by the appellees. After examining the appellant's brief and the record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

physical injury."[1]

In July 2002 Heimermann filed another proposed complaint, requesting leave to proceed *in forma pauperis*. He devoted the 64-page complaint primarily to contesting his murder conviction, alleging that he was framed by unspecified officials at the Milwaukee County District Attorney's office and the City of Milwaukee Police Department, who then conspired with officials at the Wisconsin Department of Corrections to prevent him from clearing his name. His narrative also told how in 1998 prison officials recruited him to assist with a "sting" operation against a prison guard, but afterwards kept him in the general prison population, leaving him open to reprisal as a "snitch" and thus in imminent danger of serious physical injury. He asked the district court to order him transferred to a minimum-security facility or released from prison outright. The district court concluded that it could not reasonably infer imminent danger of serious physical injury from the facts alleged: the sting operation had happened four years earlier, and Heimermann did not even allege that the target of that investigation still worked at the prison. The court therefore denied Heimermann's request for leave to proceed *in forma pauperis*.

Heimermann requested reconsideration. In his motion, he argued that his complaint sufficiently alleged that he was in imminent danger of reprisal from guards and fellow inmates during the period of the investigation, from June 1998 through June 2000. He then argued that "the proper focus when examining an inmate's complaint filed

---

[1] He has also been subjected to a series of fines and filing restrictions. *See, e.g.*, *Heimermann v. McCaughtry*, No. 02-4033 (7th Cir. Feb. 4, 2003) (order imposing $5,000 sanction for repeated frivolous filings).

pursuant to § 1915(g) must be the imminent danger faced by the inmate *at the time of the alleged incident . . .* and not at the time his complaint was filed" (emphasis added). The district court disagreed, concluding that allegations of past imminent danger do not satisfy the requirement of § 1915(g), and denied Heimermann's motion to reconsider. Heimermann appealed.[2]

We agree with the district court. The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Any danger Heimermann might have experienced between 1998 and 2000 does not supply a basis for an exception in July 2002. And although Heimermann, apparently understanding this, now argues that he did experience imminent danger at the time his complaint was filed, his change of course at this stage of the proceedings is unavailing.

AFFIRMED.

A true Copy:

      Teste:

 

              _____
              *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*

---

[2]  Ironically, Heimermann has paid the full $105 appellate filing fee.