# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 01-2657

ROBERT BRUNO CIARPAGLINI,

*Plaintiff-Appellant,*

v.

DOCTOR NARINDER SAINI, DOCTOR LAURENS D. YOUNG,
AND PHIL KINGSTON,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 01-C-326-S—**John C. Shabaz**, *Judge.*

_____

ARGUED SEPTEMBER 3, 2003—DECIDED DECEMBER 11, 2003

_____

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Robert Bruno Ciarpaglini, a prisoner in Wisconsin, is a frequent filer. He has had three previous lawsuits dismissed for the reasons stated in 28 U.S.C. § 1915(g)—in other words, he has filed three previous lawsuits that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted. His frequent filer status means he cannot proceed *in forma pauperis* (IFP) in a new civil suit unless he is "under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception. *Id. See also Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1024 (7th Cir. 1996); *Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002).

According to his complaint, Ciarpaglini was diagnosed with attention deficit hyperactivity disorder (ADHD) when he was a child. While incarcerated at the Racine Correctional Institution he was additionally diagnosed as having bipolar disorder and panic disorder. The doctor who diagnosed him with these illnesses provided him with five different medications to help him cope with his problems. According to Ciarpaglini, these medications did help alleviate his symptoms.

When Ciarpaglini was transferred to Columbia Correctional Institution, he alleges that he was seen by the prison psychiatrist, who confirmed his diagnoses of bipolar disorder, ADHD, and panic disorder. But his bipolar disorder medication was discontinued. Shortly thereafter, he was taken off the medications for his ADHD and panic disorder. Ciarpaglini sued, seeking injunctive relief and monetary damages from the prison doctor and prison officials. The district court, in a rather confusing conclusion to a short order, said:

> IT IS ORDERED that petitioner's request to proceed in forma pauperis is GRANTED.

> IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. §1915(g).

The reference to § 1915(g) means that the court found Ciarpaglini's allegations to be insufficient to meet that "imminent danger" requirement. But if this is what the court meant to do, and we think that it is, it should not

have "granted" the request to proceed *in forma pauperis*. It should have denied the request and dismissed the case. Passing that little glitch, we move on.

We first address a motion filed by the defendants claiming that Ciarpaglini's case is moot. After filing this suit, he was transferred from a state prison to county jail. The defendants claim this moots the case because frequent filers can only file claims for prospective relief under 28 U.S.C. § 1915(g). However, § 1915(g) does not have such a broad reach. It only limits when frequent filers can proceed IFP, and says nothing about limiting the substance of their claims. Thus, the case is not moot.

We review *de novo* the district court's interpretation of the Prison Litigation Reform Act's three strikes provision, § 1915(g). *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811 (7th Cir. 1998); *see also Dupree v. Palmer*, 284 F.3d 1234, 1235 (11th Cir. 2002). In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. *Rivera v. Allen*, 144 F.3d 719, 726 (11th Cir. 1998).

It is well-established that *pro se* complaints must be liberally construed. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Ciarpaglini is alleging (we must accept these claims as true now; they may in fact be bogus) continuing harm as a direct result of being denied his medication. While he was taking his medication, he says, his symptoms were alleviated. Now, they are back. He says his panic attacks cause him to suffer heart palpitations, chest pains, labored breathing, choking sensations,

and paralysis in his legs and back. The question is whether these allegations are sufficient to find that Ciarpaglini, when he filed his complaint, satisfied the "imminent danger of serious physical injury" requirement of 28 U.S.C. § 1915(g).

Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee. But when they allege only a past injury that has not recurred, courts deny them leave to proceed IFP. *See, e.g., Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once not imminent danger); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous. *See, e.g., Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

Other circuits have considered the imminent danger requirement. Being placed near inmates on one's enemies list, despite pleas for transfer to a different location after being beaten by those enemies, meets this amorphous standard. *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998). Continuing headaches and other symptoms as a result of exposure to dust, lint, and shower odor also meets this standard. *Gibbs v. Cross*, 160 F.3d 962, 965-66 (3rd Cir. 1998). So does needing dental care because of a mouth infection. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

The State says Ciarpaglini's allegations are not serious enough. However, § 1915(g) is not a vehicle for determining the merits of a claim. To follow the State's logic, a district court would not just need to determine whether a prisoner is alleging some type of ongoing or imminent harm. It would also need to fine-tune what is "serious enough" to qualify for the exception. Is being denied heart medication? What about a cholesterol-lowering drug? How frequently do beatings need to occur before they are serious? This would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required, and so we find that the district court erred in concluding that Ciarpaglini's complaint didn't meet the imminent danger exception.

There is, however, another problem with Ciarpaglini's complaint—it alleges way too much. Once a complaint passes the "imminent danger" pleading requirement, it must still pass the district court's "screening" process under § 1915A(b)(1) before a defendant is required to get into the fray. That section requires the dismissal of a complaint that is frivolous or malicious, or one that fails to state a claim upon which relief may be granted. Here, Ciarpaglini doesn't simply allege that his medication is being gratuitously withheld without a reason. Instead, he says that prison doctors decided to stop this particular course of treatment. He also says that he's been seen by prison doctors at least 10 times in 3 months, so he is not alleging that he was denied medical care. At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). Ciarpaglini has simply pled himself out of court by saying too much. *See Jackson v. Marion County*, 66 F.3d 151 (7th Cir. 1995). Because we can affirm a district

court's dismissal of a case on any adequate ground found in the record, *Cushing v. City of Chicago*, 3 F.3d 1156 (7th Cir. 1993), and because Ciarpaglini has failed to state a claim on which relief can be granted, the judgment of the district court dismissing his case is AFFIRMED.

**A true Copy:**

      **Teste:**

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*