**Jeberekiah E. KELUBAI,**
**Plaintiff–Appellant,**

v.

**Karen HENRICH, et al., Defendants–**
**Appellees.**

**No. 03–3817.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.*

Decided May 17, 2004.

Jeberekiah E. Kelubai, Carlisle, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Indiana prisoner Jeberekiah E. Kelubai, a/k/a Leroy Jeffers, filed suit under 42 U.S.C. § 1983, alleging that two prison nurses violated his Eighth Amendment rights by failing to provide him with adequate leg and arm braces. The district court granted summary judgment to the defendants, concluding that Kelubai failed to exhaust his administrative remedies. Kelubai appeals, and we affirm, but we modify the judgment to reflect that the court's dismissal was without prejudice.

The events relevant to this suit occurred while Kelubai was housed at Indiana's Maximum Control Facility. During a shakedown in April 2001, guards confiscated Kelubai's leg and arm braces, which had been prescribed by a doctor. Kelubai requested replacements, and approximately one week later a nurse gave him athletic supports, which Kelubai deemed inadequate. He complained about the supports for several months, eventually filing a complaint with the Indiana State Department of Health. In January 2002, another nurse gave Kelubai new braces, which he believed were too large. For several months he asked the nurse for smaller braces, and he also filed another complaint with the state health department. In July 2002 he filed this suit against the two nurses.

After the parties engaged in discovery, the defendants moved for summary judgment on the ground that Kelubai had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). In support the defendants attached an affidavit from the grievance specialist at MCF attesting that the prison had no record of Kelubai filing a grievance regarding the braces anytime before July 2002. Kelubai responded that he had filed a grievance, but the grievance he referred to in his response was submitted in October 2002, three months *after* he had filed suit. Accordingly, the district court concluded that Kelubai had failed to properly exhaust his administrative remedies before filing suit and granted summary judgment for the defendants. Kelubai filed a timely notice of appeal.

We review the district court's grant of summary judgment de novo, construing the facts in the light most favorable to Kelubai. *See Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir.2004). The PLRA provides that a prisoner cannot bring suit under § 1983 concerning prison conditions unless he first exhausts his administrative remedies. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524–25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). To properly exhaust his administrative remedies, a prisoner must take all the steps required by the prison's grievance system. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir.2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002). Further, exhaustion is a precondition to filing suit, so a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536–37 (7th Cir. 1999).

Kelubai's appeal brief is essentially a detailed recitation of the facts and procedural history of this case. The only nugget of argument we can mine from the brief is his suggestion that he exhausted his administrative remedies by complaining to the state health department about the braces. But we have emphasized that to properly exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641,

644 (6th Cir.1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). Indeed, the purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524–25. Indiana has a prison grievance system in place, *see* Ind.Code § 11–11–1–2, but Kelubai did not avail himself of this process until three months after he filed this suit, which was too late. *See Perez*, 182 F.3d at 534. Kelubai clearly knew about the prison grievance system and how to use it, because the record contains a prison grievance he filed in 2001 on an unrelated matter. For these reasons, we agree with the district court that Kelubai failed to properly exhaust his administrative remedies pursuant to § 1997e(a).

We have one observation about the district court's order: At the conclusion of its order, the court states, "[T]he court GRANTS the defendants' motion for summary judgment ... and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff." Although the order does not specify, we presume the court intended to dismiss the case without prejudice. *See Ford*, 362 F.3d at 401 (holding that *"all* dismissals under § 1997e(a) should be without prejudice"); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust."). Accordingly, we modify the judgment to

reflect that the dismissal of Kelubai's suit was without prejudice.

Finally, we note that Kelubai, also known as Leroy Jeffers, has a lengthy litigation history and has accumulated at least three strikes under 28 U.S.C. § 1915(g). *See Kelubai v. McBride, et al.,* No. 3:01–CV–296 (N.D.Ind. May 18, 2001) (dismissing complaint for failure to state a claim); *Kelubai v. McBride, et al.,* No. 3:01–CV–0340 (N.D.Ind. May 29, 2001) (same); *Kelubai v. McBride, et al.,* No. 3:01–CV–021 (N.D.Ind. Feb. 1, 2001) (same). In any new case Kelubai must prepay all filing fees unless he can show at the commencement of the suit that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir.2003).

AFFIRMED as MODIFIED.