Margaret J. COLLINS, Plaintiff–Appellant,

v.

Patricia NORRIS, et al., Defendants–Appellees.

Nos. 02–3614, 02–4124.

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 2004.*

Decided May 28, 2004.

Rehearing and Rehearing En Banc Denied June 30, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  See Fed. R.App. P. 34(a); Cir. R. 34(f).

Margaret J. Collins, Springfield, IL, pro se.

Mary E. Welsh, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

### Order

Margaret Collins alleges that, after she prevailed in part in earlier litigation, see *Collins v. Illinois*, 830 F.2d 692 (7th Cir. 1987), her supervisors at the Illinois State Library began to retaliate by withholding notice of staff meetings, administering reproofs for talking too loudly on the phone or behaving rudely toward coworkers, and imposing more formal discipline. She filed and lost two additional suits complaining about these events.

Collins's contentions have been heard by multiple judges in the Central District of Illinois. Judge Scott, to whom the first of the two recent suits was assigned, dismissed all claims under Title VII of the Civil Rights Act of 1964 because Collins had not named her employer (the State Library, or perhaps the state itself) as a defendant. Claims under 42 U.S.C. §§ 1981 and 1983 survived this order and were transferred to Judge Mihm, who granted summary judgment to all defendants. Meanwhile Collins had filed a second action, which was assigned to Judge Mills. (Why the two suits were not consolidated is mysterious on this record.) After Judge Mihm ruled in defendants' favor in the first action, Judge Mills dismissed the second as barred by claim preclusion (res judicata).

The principal theme in Collins's brief is that Judge Scott and Magistrate Judge Cudmore should have recused themselves. We do not see any legal impediment to their service; what is more, because the case was reassigned to Judge Mihm and they played no further role, the final decision was entered by a judge who Collins has not accused of any impropriety. Judge Mihm was free to reconsider any decision taken earlier in the case, and our review is plenary rather than deferential, so arguments under 28 U.S.C. §§ 144 and 455 need not detain us. Nor need we consider Collins's argument that Judge Scott should have recruited a lawyer to represent her. She *was* represented by counsel at the outset of the litigation, and when counsel withdrew Collins did not submit any of the documents (such as an affidavit showing her income and assets) that would have been essential to justify a judicial role in finding a replacement.

The right defendant in an action under Title VII is the employer, and Collins did not name either the Library or the State. She did name several public officials, and a generous reading of her filings is that they

were sued in their official capacities and thus as proxies for the employer. This assumption does not require further proceedings on the Title VII claims, however; the claims under § 1981 and § 1983 survived to the summary judgment stage, where they were resolved against Collins on the merits. She does not explain how she could lose under these statutes yet prevail under Title VII (which has similar substantive requirements and a shorter period of limitations), so we turn to her challenges to Judge Mihm's order granting summary judgment. Only if we disagree with Judge Mihm would it be necessary to address Title VII further.

Many of Collins's allegations concern matters outside the period of limitations—even the four-year period applicable to her § 1981 claims. See *Jones v. R.R. Donnelley & Sons Co.*, — U.S. —, 124 S.Ct. 1836, — L.Ed.2d — (2004). She asserts that the violations were "continuing," but as *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), concludes, the continuing-violations doctrine does not allow deferred suit on discrete discriminatory acts, just because other forbidden acts occurred within the limitations period. Hostile-environment claims may be viewed as a whole, but most of what Collins raises are classified as discrete acts under *Morgan.*

Thus we arrive at the timely claims, and with respect to these Collins offers few specifics. Although she asserts that the court "turned a blind eye to various filings" she does not point to any concrete error. The district judge concluded that Collins had presented evidence about only two events that count as adverse actions—two suspensions (each for three days) in 1999. (Other events of which she complains, such as a transfer to a different position within the Library,

were not "adverse" because the transfer did not affect her pay, prestige, working conditions, or promotion opportunities.) The judge concluded that Collins had not identified any other employee who received better treatment under comparable circumstances, so that she had not established discrimination. Collins pointed to other employees who were not suspended, but the judge concluded that no evidence in the record implies that these employees were situated similarly to Collins. But the record does show that many other employees were disciplined for tardiness, rudeness, poor work, excessive personal use of the telephone, and the other considerations that (defendants assert) led to the discipline of Collins. We agree with the district court's appreciation of the record; Collins has not established that there is a material dispute of fact that requires resolution at trial.

As for Collins's hostile-environment claim: the district court concluded that the evidence, even taken in the light most favorable to the plaintiff, would not permit a reasonable trier of fact to conclude that the working conditions were onerous enough to satisfy the statutory requirements. See, e.g., *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). We agree with that evaluation of the record. Her other arguments concerning the first suit do not require separate discussion.

Collins's second suit, which was assigned to Judge Mills, presents the same grievances as the first. Collins added several new defendants to the second complaint, but all save one are in privity with the defendants in the first: they were just a different set of proxies for Collins's "employer." And to the extent that claims against these parties are new (or augmented), they are barred by the principle of federal law (which applies because the first

judgment was entered by a federal court) that all claims arising out of the same transaction are precluded whether or not litigated in the first suit. A litigant cannot split her demands into multiple suits, pursuing one legal theory the first time and a different theory later. See, e.g., *Herrmann v. Cencom Cable Associates, Inc.,* 999 F.2d 223 (7th Cir.1993). This principle covers Collins's claim, new to the second suit, under 20 ILCS 415/19c.1, known as the Illinois Whistleblower Act. It would fail even if it were not precluded, for the Supreme Court of Illinois recently held that this statute does not create a private right of action. See *Metzger v. DaRosa,* 209 Ill.2d 30, 282 Ill.Dec. 148, 805 N.E.2d 1165 (2004).

The one genuinely new defendant in the second suit is Local 4408 of the Illinois Federation of Public Employees, which represents a bargaining unit that includes Collins. She insists that the Union violated its duties by failing to file and pursue a grievance on her behalf. But Collins did not serve the Union with process, and the district judge was not obliged to grant her extra time to do so. Most likely any claim against the Union would be time-barred. In this court Collins does not elaborate on her claim against the Union or explain how she would establish any entitlement to relief. She ignores the district judge's ruling that the Union would be entitled to prevail under the statute of limitations as soon as it answered the complaint. It would be pointless to go through that exercise.

AFFIRMED