**Margaret COLLINS, Plaintiff–Appellant,**

v.

**State of ILLINOIS, et al., Defendants–Appellees.**

**No. 04–2234.**

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 2005.*

Decided March 4, 2005.

Margaret J. Collins, Springfield, IL, for Plaintiff–Appellant.

Mary E. Welsh, Office of the Attorney General, Chicago, IL, Mary L. Leahy, Springfield, IL, for Defendants–Appellees.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

Margaret Collins has been employed at the Illinois State Library in Springfield since the early 1970s. In the 1980s Collins won a jury verdict against the State of Illinois on a Title VII retaliation claim. *See Collins v. Illinois,* 830 F.2d 692 (7th Cir.1987). Then in June 1999 she filed an employment-discrimination suit against the Illinois Secretary of State, the state library, and several library employees, but

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

she lost the case at summary judgment. She filed another suit against the Secretary of State, the library, and several library employees in February 2002. She also attempted to add the Illinois Federation of Public Employees, Local 4408. The district court dismissed the complaint based on the doctrines of issue and claim preclusion and determined that Collins had failed to serve the union with process. Collins unsuccessfully appealed both cases to this court. *See Collins v. Norris,* 100 Fed.Appx. 553 (7th Cir. May 28, 2004) (unpublished order). While those consolidated appeals were still pending, Collins filed this action in the district court in December 2003 against the State of Illinois, its Secretary of State, the state library, two of her supervisors, the Illinois Federation of Teachers (IFT), the director of the union, and a union representative. The district court concluded that because the case involves similar factual allegations to those Collins was litigating in her two cases that were pending on appeal, it lacked jurisdiction over the new case. Collins now appeals.

In her 1999 suit Collins claimed that she had been subjected to many incidents of racial discrimination and harassment at work, and that she suffered unlawful retaliation for litigating her 1987 suit. Collins brought her claims under Title VII, 42 U.S.C. § 2000e to 2000e–17, and under 42 U.S.C. §§ 1981 and 1983. Among her many allegations—which continued to expand to cover events occurring after the suit was filed—Collins complained that she was excluded from staff meetings, given negative performance evaluations, denied the opportunity to attend educational seminars, suspended twice in 1999, formally warned about substandard work performance in 2000, transferred in 2002 from the Library Development Group to the "operations" side of the library, and generally mistreated by her supervisors and cowork-

ers. Many of her allegations were untimely, *see Collins,* 100 Fed.Appx. at 555–56, and for the only two timely events that counted as adverse employment actions she failed to identify similarly situated employees who received better treatment, *id.* Furthermore, Collins failed to produce evidence that would permit a reasonable trier of fact to conclude that her workplace was a hostile environment. *Id.* Collins's second suit in 2002 raised the same claims that the district court had considered in her 1999 suit, so the bulk of the suit was dismissed based on the doctrine of claim preclusion. *Id.* As for a new claim against the Illinois Federation of Public Employees for failing to pursue a grievance on her behalf, Collins failed to serve the union with process and the district court justifiably refused to give her more time because the claim was likely to be untimely. *Id.* at 556.

In the case before us Collins's amended complaint again refers to incidents that she litigated before, including the suspensions in 1999, the written warning in 2000, and her transfer out of the Library Development Group in 2002. Collins, though, also includes other allegations that appear new. She alleges she was suspended for three days in December 2003 in retaliation for filing this suit; given a low score on a performance evaluation (she does not say when), also in retaliation for her complaints of discrimination; assigned duties inappropriate for her position; denied credit for overtime she reported; placed on "proof status" at various times; denied promotional opportunities; punished more severely than other coworkers; and restricted in her use of technical staff. She also alleges that she was transferred from the Library Development Group to Library Operations in March 2003, which at this stage of the litigation we must assume

is different from the 2002 transfer that she litigated previously.

Other claims in the complaint are plainly new. Collins asserts that library director Jean Wilkins breached "IFT Contract 33.1–33.4" by failing to give her a copy of the grievance that prompted the 2002 internal transfer. She claims, too, that Jean Reader, her IFT union representative, violated provisions of a collective bargaining agreement between the IFT and the Secretary of State by representing "similarly situated white union members" in pursuit of their grievance against Collins. Collins further complains that Reader failed to provide her with a copy of that grievance and in general failed to represent her in her dealings with the library. Collins also names Gary Leach, the director of the IFT and complains that he lied to the EEOC in 2000 regarding Collins's 1999 suspension, refused to arbitrate Collins's written warning in 2000, and otherwise failed to represent her "in violation of the IFT and Secretary of State's non-discrimination clause" and the "National Labor Relations Act." Elsewhere Collins asserts that all of her claims against the defendants arise under Title VII and § 1981.

■ The state defendants filed a motion to dismiss Collins's first amended complaint, arguing that her allegations about the denial of overtime credit and the three-day suspension were beyond the scope of her EEOC charge, that any of her claims arising out of the same transactions as claims she litigated before were barred by doctrines of claim and issue preclusion, and that her claims against the Secretary of State and the library employees had to be dismissed because these defendants are not Collins's employers for purposes of Title VII. The state defendants did not explain which claims they believe are barred by preclusion and did not even mention § 1981. The district court did not select any of these bases for dismissing the complaint and instead relied on an argument raised by the union defendants in their motion to dismiss: that the court lacked jurisdiction over this case because Collins had filed notices of appeal in her two previous suits and the filing of a notice of appeal divests a district court of jurisdiction.

That basis for dismissal is clearly incorrect. The state defendants concede in their jurisdictional statement, which the union defendants adopt, that the district court had jurisdiction over the case (though they did not inform the district court of its error when Collins moved for reconsideration). The district court relied on the principle that the filing of a notice of appeal confers jurisdiction in the court of appeals and divests the trial court of jurisdiction over a case, but opinions discussing that principle concern appeals within the same lawsuit. *See Brenner v. CFTC*, 338 F.3d 713, 722 (7th Cir.2003); *Kusay v. United States*, 62 F.3d 192, 193–94, (7th Cir.1995); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir.2000). We are aware of no decision holding that a notice of appeal filed in one lawsuit also divests a district court of jurisdiction over independent lawsuits just because the litigants or claims may overlap or be similar. In fact, the district court acknowledged in its order that Collins was suing some new defendants and was raising some new claims. A new lawsuit is a proper way for Collins to litigate those new claims, and the doctrines of claim and issue preclusion should have prevented her from relitigating the claims that were on appeal. *See Old Republic Ins. Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998, 1000–01 (7th Cir.1996) (doctrine of collateral estoppel requires only a final judgment from the court rendering judgment, not full exhaustion of appellate remedies); *see also Pharmacia and Up-*

*john Co. v. Mylan Pharm, Inc.*, 170 F.3d 1373, 1381 (6th Cir.1999) (" '[T]he law is well-settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding' " (alteration by the court) (citing *Deposit Bank v. Bd. of Councilmen of City of Frankfort*, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276, (1903))).

■■■ We have considered whether there is an alternate ground for affirming the district court's dismissal. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (court can affirm on any basis fairly supported by the record). Relying only on information contained in the amended complaint, *see* Fed.R.Civ.P. 12(b)(6) (if the court considers matters outside the pleading, the motion to dismiss is converted into a motion for summary judgment); *Deckard v. Gen. Motors Corp.*, 307 F.3d 556, 560 (7th Cir.2002), we are able to affirm only a small part of the district court's dismissal. First, Collins has litigated before and may not relitigate whether she suffered racial discrimination in the suspensions in 1999, the written warning in 2000, and the transfer out of the Library Development Group in 2002. *See Central States SE and SW Area Pension Funds*, 296 F.3d 624, 628 (7th Cir.2002) (describing claim preclusion); *Chicago Truck Drivers, Helpers and Warehouses Union (Indep.) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997) (describing issue preclusion). Also, Collins may not maintain a Title VII suit against her supervisors in their individual capacities. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir.1998) (a supervisor acting in her individual capacity does not fall under Title VII's definition of employer). Furthermore, Collins may not litigate any claims against the union defendants premised on the National Labor Relations Act because the Act exempts "any State or political subdivision thereof" from its definition of "employer." *See* 29 U.S.C. § 152(2); *Gomez v. Gov't of Virgin Islands*, 882 F.2d 733, 736 (3d Cir.1989); *Ayres v. Int'l Bhd. of Elec. Workers*, 666 F.2d 441, 442–444 (9th Cir.1982). Thus Collins is not covered by the act.

We see no reason to dismiss Collins's remaining claims at this stage of the litigation. Therefore we AFFIRM in part and VACATE and REMAND in part.