**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7307**

JOHNATHAN LEE SMITH, a/k/a Johnathan Lee X Smith,

Plaintiff - Appellant,

v.

CARRIE MAYES, Director of Nurses; V. S. GRAY, Operations
Officer; MS. DABNEY, Mailroom Assistant; JANE DOE 1,
Mailroom Assistant; JANE DOE 2, Mailroom Assistant; O.
CHAMBERS, Grievance Coordinator; SECURITY OFFICER TARPLEY,
Property Control Officer; E. POWELL, Keefe Commissary
Manager,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (7:09-cv-00271-sgw-mfu)

Submitted:  November 12, 2009     Decided:  December 23, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Johnathan Lee Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan Lee Smith, a.k.a., Johnathan Lee X Smith, a Virginia inmate, appeals a district court order dismissing his civil rights complaint without prejudice for failing to prepay the filing fee or show that he was under imminent danger of serious physical injury. Because we find that some of Smith's claims adequately alleged he was in imminent danger of serious physical injury, we vacate in part the court's order and remand for further proceedings and affirm in part.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71 (1996), a prisoner who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006). Smith is such a prisoner. Several circuit courts have held "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citations omitted); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Medberry v. Butler,

2

185 F.3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). An appellate court reviews de novo a district court's interpretation of § 1915(g) and related legal conclusions. Andres v. King, 398 F.3d 1113, 1118 (9th Cir. 2005); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Smith alleged in his complaint that Carrie Mayes, the Director of Nurses at his institution, will not provide care for his hepatitis C disease and other liver diseases, and for a "severely painful inguinal hernia", acute edema, and for a "severely painful" herniated disk in his spine, unless he acknowledges the name "Smith" instead of the name "X". Taking Smith's allegations as true, we find he sufficiently established he is in imminent danger of serious physical injury. See Ciarpaglini, 352 F.3d at 330-31 (complications arising from a switch in medication); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (mouth infection due to lack of dental care); Gibbs v. Cross, 160 F.3d 962, 965-66 (3d Cir. 1998) (headaches and other symptoms as a result of dust and lint exposure).

Because we find Smith sufficiently alleged in his complaint that he was under imminent danger of serious physical injury with respect to the denial of medical treatment, we vacate in part the district court's order and remand with instructions that Smith be permitted to proceed forth on that claim without prepayment of filing fees. Because Smith's

3

remaining claims do not affect his risk for serious physical injury, we affirm the court's order in part with respect to those claims.

Accordingly, we affirm in part and vacate in part and remand with instructions that Smith be permitted to proceed under the PLRA without prepayment of fees as to his claim that he is being denied medical treatment because he insists on using the name "X".  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>