**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 17, 2010[*]
Decided February 17, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-3175

| | |
|---|---|
| GILBERT CHADWICK, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 09-cv-059-DRH |
| | |
| ROGER E. WALKER, JR., et al., | David R. Herndon, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Gilbert Chadwick, an Illinois inmate, filed a civil rights suit under 42 U.S.C. § 1983 against medical staff and prison administrators for their alleged deliberate indifference to his need for surgery to repair an inguinal hernia. At initial screening, *see* 28 U.S.C. § 1915A, the district court dismissed Chadwick's complaint. Chadwick then moved for reconsideration and in the motion asked for leave to amend his complaint. The court

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

denied the motion. On appeal Chadwick challenges the denial of his motion to reconsider, including the request to amend his complaint. We affirm the judgment.

Chadwick filed his complaint in January 2009. He alleged that a year earlier he started complaining to medical staff that he was experiencing severe pain as a result of his hernia and requested surgery. In the months that followed, Chadwick said, three different doctors examined him and concluded that surgery was not necessary because his hernia was reducible. And when he filed suit, Chadwick added, his prison doctor was regularly monitoring his condition and updating his prescription for pain medication. Nevertheless, Chadwick claimed that this treatment was constitutionally deficient because he continued to experience pain and was reliant on pain medication which, he assumed, would eventually damage his liver and stomach.

The district court concluded that Chadwick's allegations were insufficient to state an Eighth Amendment claim. The court reasoned that most of the defendants had no personal involvement in Chadwick's medical care, and that Chadwick had pleaded himself out of court with regard to the defendant doctors because his allegations showed that his condition was not sufficiently serious and that he *was* being treated, albeit not with his preferred course of treatment. The court entered final judgment in the case on the same day that it dismissed Chadwick's complaint.

Chadwick then filed a timely motion for reconsideration. *See* FED. R. CIV. P. 59(e). He conceded that his complaint did not state a claim for deliberate indifference, but he requested leave to amend and also submitted medical records showing that he received corrective surgery for his hernia approximately six weeks after he filed his complaint. In addition Chadwick tendered synopses of legal decisions recognizing that delays in providing treatment can violate the Eighth Amendment. Days later Chadwick also submitted a proposed amended complaint, which mostly tracked his initial complaint but altered the legal theory to allege a delay in care. The district court concluded that its dismissal was correct and denied Chadwick's motion for reconsideration. It is unclear whether the court had received Chadwick's amended complaint by the time it denied the motion.

In this appeal Chadwick argues that the district court should have granted his postjudgment motion because he submitted what he terms "newly discovered evidence," i.e., the medical records showing that he eventually received surgery. Although newly discovered evidence can be the basis for a Rule 59 motion, *United States v. Resnick*, No. 08-4039, slip op. at 10 (7th Cir. Feb. 2, 2010), the medical records Chadwick submitted—and his new legal theory of unconstitutional delay—"could and should" have been presented earlier, *see id.*; *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007); *In re Prince*, 85

F.3d 314, 324 (7th Cir. 1996). The surgery documented in those records occurred after Chadwick filed his complaint, but before he successfully moved to supplement the record with exhibits, so he had an opportunity to submit the records earlier, or at least to alert the court to their existence. He also should have added any allegations about the delay in receiving surgery at that time. Moreover, the records do not strengthen Chadwick's claim of deliberate indifference. We now know that his hernia was repaired six months before his lawsuit was dismissed, so in hindsight it is clear that the condition had become more serious than the district court believed when it ruled. *See Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006). But the new records do not suggest that doctors ignored Chadwick's condition or waited unreasonably long to opt for surgery. On the contrary, the records *undermine* this prong of Chadwick's claim: once his hernia became difficult to reduce, he was given surgery. *See Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 591-92 (7th Cir. 1999) (rejecting deliberate indifference claim where prison staff was "responsive" to plaintiff's medical needs); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1996) (concluding that plaintiff's deliberate indifference claim failed where he "repeatedly received treatment").

So even with "new" evidence and a revised theory of delay in care, Chadwick's claim still could not have withstood screening or a motion to dismiss. At best, he alleges disagreement with medical professionals about his treatment needs, and a disagreement with the exercise of medical judgment does not state a claim for deliberate indifference. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Accordingly, the district court did not abuse its discretion in denying Chadwick a second bite at the apple. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

We AFFIRM the district court's judgment.