NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010[*]
Decided June 24, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-4147

| | |
|---|---|
| JOHN L. DYE, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-C-660 |
| BRYAN BARTOW, et al. *Defendants-Appellees.* | Rudolph T. Randa, *Judge*. |

**O R D E R**

Wisconsin inmate John Dye brought this civil rights suit, 42 U.S.C. § 1983, alleging that prison officials were deliberately indifferent to his serious medical needs because they did not allow him to take all of his meals in his cell. The district court screened and then dismissed his complaint, *see* 28 U.S.C. § 1915A, and Dye appeals. We affirm.

---

[*] The defendants-appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

According to his complaint, the allegations of which we presume are true, *see Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010), Dye suffers from an anxiety-based eating disorder that prevents him from eating in the company of other people. This wasn't a problem when he was sent to segregation for (unstated) disciplinary reasons. When his disciplinary term was up, though, prison officials offered Dye a choice: he could stay in segregation where he would continue to receive all of his meals in his cell, or rejoin the general prison population but take two meals in the cafeteria and one meal in his cell. Dye opted to rejoin the general population under these conditions.

Dye sued eleven prison officials for being deliberately indifferent to his serious needs by denying him three meals a day (because they know he can't eat in the cafeteria). As a result he contends that he suffered from hunger pangs, weight loss, headaches, stress, weakness, and irregular bowel movements. His complaint also included a litany of other purported violations by prison officials, such as interference with his religious practices (including fasting), denial of a longer-handled toothbrush, denial of celebrity photographs in his cell, and removal from a therapy program.

Because Dye had already accumulated three strikes for previous frivolous litigation, *see* 28 U.S.C. § 1915(g), the district court denied his request to proceed in forma pauperis. The court reconsidered at Dye's request, however, and agreed that his complaints of persistent pain met the minimum imminent danger threshold with regard to his claim that he was denied adequate food. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Though Dye's claim passed the imminent-danger hurdle, the district court concluded that it could not survive § 1915A screening because Dye had pleaded himself out of court by saying too much. *See United States v. Antonelli*, 371 F.3d 360, 361-62 (7th Cir. 2004); *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

On appeal Dye challenges the district court's dismissal and reiterates that the defendants violated the Eighth Amendment by requiring him to take at least two meals a day in the cafeteria despite their knowledge that his anxiety-based condition would make him unable to eat. He maintains that he stated a claim for relief: the defendants exhibited deliberate indifference to his serious medical needs by forcing him to take meals in the cafeteria despite knowing that he will not get adequate nutrition under that plan.

The Eighth Amendment requires prison officials to provide adequate food and medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer*, 511 U.S. at 834; *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and

refused to act to prevent that harm.  *Farmer*, 511 U.S. at 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Dye's claim fails, though, because even if he could show that he suffered serious harm that the defendants were aware of, they attended to his needs.  As the district court noted, Dye submitted Health Service records documenting the actions prison officials took to prevent harm: they monitored his health despite missing meals, sought and received temporary guardianship when they feared that his voluntary religious fasting might interfere with his health, allowed Dye to take one meal a day in his cell, and prescribed medicine to treat his anxiety.  Dye may not have agreed with the defendants' chosen course of action, but disagreement with the course of his medical treatment does not state an Eighth Amendment claim.  *See Ciarpaglini*, 352 F.3d at 331; *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001).

AFFIRMED.