In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1804

ANGEL GONZALEZ,

*Plaintiff-Appellant,*

*v.*

DR. ADRIAN FEINERMAN, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:11-cv-00170-GPM—**G. Patrick Murphy**, *Judge.*

SUBMITTED NOVEMBER 16, 2011—DECIDED DECEMBER 2, 2011

Before COFFEY, FLAUM and RIPPLE, *Circuit Judges.*

PER CURIAM. Angel Gonzalez, an inmate at Menard
Correctional Center in Illinois, filed suit under 42 U.S.C.
§ 1983 claiming that two prison physicians and the
warden failed to provide adequate care for a hernia. At
screening the district court dismissed the complaint for
failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). Gonza-
lez appeals, and at this stage we accept as true the allega-
tions in his complaint and attachments. *See Smith v.
Peters*, 631 F.3d 418, 419 (7th Cir. 2011).

Gonzalez began suffering from pain in his groin after sustaining an injury in 2004. Staff at Menard's health unit immediately recognized that his pain was caused by an inguinal hernia but gave him only mild pain medication. Gonzalez regularly complained as his pain increased over time. He saw Dr. Adrian Feinerman for his condition in March 2009. Gonzalez lay on the examination table while Dr. Feinerman pushed his hernia back into his lower abdomen, causing Gonzalez more pain. On that occasion Dr. Feinerman refused Gonzalez's request for surgery and told him that he would be "okay" as long as the hernia could recede into his abdomen. But when Gonzalez came off the examining table, the bulge returned. He showed Dr. Feinerman and expressed concern about the hernia becoming strangulated, but Dr. Feinerman repeated that Gonzalez did not need surgery.

Gonzalez's condition continued to worsen. From April to December 2009 the bulge was consistently visible and caused abdominal pain and numbness in his leg. Gonzalez tried to reduce the hernia by pushing it back in on his own. During these months he saw other prison medical staff at least three times and saw Dr. Feinerman again at least once. Gonzalez's symptoms continued into 2010, causing stiffness in his legs and discomfort that led to trouble sleeping. He continued to see medical staff, but no one would authorize surgery. Dr. Magid Fahim kept Gonzalez in the health unit for eight days in June 2010 while treating him for a rash but ignored his complaints about the hernia.

Gonzalez filed his complaint in March 2011. He claims that by refusing to authorize surgery Dr. Feinerman and Dr. Fahim have been deliberately indifferent to his medical condition. He also claims that the defendants' actions have denied him equal protection of the laws. Gonzalez alleges that his hernia is getting worse and causing constant pain for which he is not receiving sufficient pain medication. He fears that his worsening condition could lead to strangulation. Gonzalez wants damages and an injunction requiring that the Menard staff provide him with surgery.

In dismissing Gonzalez's complaint prior to service, the district court concluded that his allegations, for the most part, amount to disagreement with Dr. Feinerman's and Dr. Fahim's assessments that a conservative course of treatment is appropriate for his condition. Though acknowledging Gonzalez's assertion that the actions taken by the defendants have not helped, the court reasoned that the ongoing refusal to authorize surgery could not constitute a substantial departure from accepted professional standards since it is "clear from Gonzalez's allegations" that his hernia has not yet become incarcerated or strangulated. Gonzalez did not state an equal-protection claim, the court added, because he did not allege that other inmates with hernias were receiving better care. Moreover, the court stated, Warden Donald Gaetz was not personally involved in Gonzalez's medical care and thus could not be "liable" to him.

On appeal Gonzalez argues that the physicians have been deliberately indifferent to his medical condition by

pursuing a standard of care that they know to be ineffective. Prison physicians will be liable under the Eighth Amendment if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lee v. Young*, 533 F.3d 505, 509-10 (7th Cir. 2008). As we have acknowledged on previous occasions, a hernia can be an objectively serious medical problem. *See Johnson v. Doughty*, 433 F.3d 1001, 1010, 1012-14 (7th Cir. 2006); *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001); *Chapman v. Keltner*, 241 F.3d 842, 846-47 (7th Cir. 2001). Gonzalez's chronic pain presents a separate objectively serious condition. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

The claim against the physicians comes down to whether Gonzalez has adequately alleged the subjective element of his deliberate-indifference claim. That Gonzalez saw a doctor does not foreclose his claim. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005). Gonzalez can prevail if the defendants' response to more than two years of complaints has been blatantly inappropriate in the face of his pain and the risk the worsening hernia poses to his present and future health. *See Roe v. Elyea*, 631 F.3d 843, 857-58 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Servs.*, 577 F.3d 816, 830 (7th Cir. 2009); *Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999). The defendants' response, says Gonzalez, has been to give him minimal or no medication for the ongoing pain, which is so debili-

tating that he cannot carry on his daily activities or sleep comfortably.

If what Gonzalez says is true, we conclude that a factfinder reasonably could infer that Dr. Feinerman and Dr. Fahim substantially departed from professional judgment by refusing to authorize surgical repair for Gonzalez's painful hernia. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Edwards v. Snyder*, 478 F.3d 827, 831-32 (7th Cir. 2007). Inguinal hernias are common among men, and approximately 750,000 surgical repairs are performed each year in the United States. *See* Andrew Kingsnorth, *Treating Inguinal Hernias*, 328 Brit. Med. J. 59 (2004). According to the National Institutes of Health, "surgery will usually be used for hernias that are getting larger or are painful" and is the only treatment that can permanently fix a hernia. *See* Medline Plus, *Hernia,* http://www.nlm.nih.gov/medlineplus/ency/article/000960.htm (last visited Nov. 29, 2011); *see also* Robert J. Fitzgibbons & Anita Giobbe-Hurder, *Watchful Waiting vs Repair of Inguinal Hernia in Minimally Symptomatic Men*, 295 J. Am. Med. Assoc. 285 (2006); Mayo Clinic, *Inguinal Hernia*, http://www.mayoclinic.com/health/inguinal-hernia/DS00364 (last visited Nov. 29, 2011). While surgery can be postponed, delay is recommended only for patients with minimal or no symptoms, and then "only if the hernia can be reduced readily and completely and will remain in position despite physical activity." Kingsnorth, *supra* at 59. At the time of his complaint Gonzalez had been suffering from his hernia for almost seven years, and during the last two of those years his hernia con-

tinued to worsen, was constantly protruding, and was causing extreme pain.

As Gonzalez argues, he does not disagree with the initial course of treatment he received at Menard, and in fact he does not claim deliberate indifference by any of the Menard medical staff who treated him during the first *five* years after his diagnosis. Rather, Gonzalez points out that Dr. Feinerman and Dr. Fahim never altered their response to his hernia as the condition and associated pain worsened over time. His physicians were obligated not to persist in ineffective treatment. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Johnson*, 433 F.3d at 1013; *Greeno*, 414 F.3d at 655. Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference, particularly for someone like Gonzalez who has 22 years until his projected parole date. *See Arnett*, 658 F.3d at 753; *McGowan*, 612 F.3d at 640; *Grieveson*, 538 F.3d at 779. Gonzalez thus presents a plausible account that, if true, would establish that Dr. Feinerman and Dr. Fahim demonstrated deliberate indifference to his need for medical care.

Though Gonzalez does not allege any specific involvement by Gaetz in the treatment of his hernia, the warden of Menard is a proper defendant since Gonzalez seeks injunctive relief. Gaetz is no longer the warden, however, so we substitute current Warden Dave Rednour as defendant because he would be responsible for ensuring that any injunctive relief is carried out. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989). If Gonzalez

was seeking only damages, the warden's lack of personal involvement would be conclusive, *see Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), but since Gonzalez also seeks injunctive relief it is irrelevant whether the warden participated in the alleged violations, *see Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985).

Finally, the district court understood Gonzalez to include a separate equal-protection claim in his complaint. The court dismissed that claim because Gonzalez failed to allege that he was treated less favorably than other prisoners. On appeal Gonzalez asks that we permit him to amend his equal-protection claim to allege that other inmates with hernias were approved for surgery but that he was not due to budget constraints. Gonzalez cannot amend his complaint on appeal, *Joyce v. Morgan Stanley & Co.*, 538 F.3d 797, 801-02 (7th Cir. 2008); *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005), but since we are vacating the dismissal of his complaint, Gonzalez will be free to amend his complaint on remand.

Accordingly, we affirm the dismissal of Gonzalez's claim against Gaetz and substitute Warden Dave Rednour, in his official capacity, as a defendant. In all other respects the judgment of the district court is reversed, and the case is remanded for further proceedings.

AFFIRMED in part,
REVERSED and REMANDED in part