NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2013[*]
Decided April 1, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3666

| | |
|---|---|
| THOMAS J. RILEY,<br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:11-cv-02196-MPM-DGB |
| CHAD KOLITWENZEW, et al.,<br>     *Defendants-Appellees.* | Michael P. McCuskey,<br>*Judge.* |

**O R D E R**

Thomas Riley is awaiting sentencing in federal court after pleading guilty to three counts of bank robbery. In this civil rights suit, Riley claims that jailers at a county facility where he was housed as a pretrial detainee violated the Due Process Clauses of the Fifth and Fourteenth Amendments by not providing appropriate medical care for a painful hernia. The district judge questioned Riley by telephone on three occasions and, after learning during the third session that Riley had finally received surgery, dismissed the

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

complaint for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). We vacate the judgment in part and remand for further proceedings.

We assume for purposes of our analysis that Riley's allegations (both in his complaint and during the telephone conferences) are true because his lawsuit was dismissed at the pleading stage. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). Riley was arraigned on federal charges in December 2010 and afterward detained pending trial. The Marshals Service housed him on a contract basis at the Jerome Combs Detention Center in Kankakee, Illinois. One morning in March 2011, Riley was awakened by severe pain in his left abdomen and left testicle. He alerted a guard, who told him that help would arrive shortly. The same afternoon Riley submitted a grievance demanding medical attention. According to Riley, the intended recipients of the grievance were the county sheriff as well as Michael Downey, the Chief of Corrections responsible for running the jail, and Chad Kolitwenzew, the assistant chief in charge of federal prisoners.

Two days later a physician's assistant named White examined Riley in the infirmary, but by then the pain was gone. The pain returned, and during the next two weeks Riley saw White twice more and received an x-ray of his left testicle. White diagnosed constipation and gave Riley a three-day supply of Tylenol. The pain worsened, prompting Riley to write two more grievances — the second on April 20 — to Kolitwenzew. In early May a consulting physician diagnosed Riley with a hernia, recommended surgery, and provided pain medication. Another outside doctor confirmed that diagnosis a month later and made the same recommendation. Riley drafted his complaint 12 days after the second consultation; he complained that he was being denied medical care and even pain medication. In addition to White, Riley named as defendants the sheriff, Downey, and Kolitwenzew. Riley also named a nurse who had fielded an unrelated complaint about ringworm.

The district judge understood Riley to be claiming deliberate indifference to a serious medical need. In September, about three months after Riley had filed his complaint, the judge questioned him by telephone on the record for the first time, using a procedure that can be useful in sorting out the merits or lack of merits in pro se complaints. Riley complained that "they" — apparently meaning someone at the jail — had discontinued his pain medication. He also said that White, the physician's assistant, had told him that jail officials were still waiting for the Marshals Service to authorize surgery. Riley explained to the judge that the hernia was causing him difficulty walking. The judge said to Riley, however, that "all you've continued to tell me is that the bureaucrats' red tape is slower than you want it to be." The judge then said he would defer action on Riley's lawsuit for a month to see what happened.

Five weeks later, during the second telephone hearing, Riley clarified that he was receiving some pain medication, but not consistently. For example, he said, he had gone without pain medication for the previous six days. Riley acknowledged that his surgery had been approved and apparently was imminent, but he insisted that the process had taken too long. This time the judge told Riley that going without "pain medication for a couple days" or enduring "slow or negligent" treatment is not a constitutional violation. Again the court deferred action on the suit.

Then in November 2011, five months after the complaint was filed, the district court questioned Riley by telephone for the third time. Riley reported that two days after the previous telephone call he had undergone a successful surgery for his hernia. The judge responded by dismissing Riley's lawsuit:

> Well, deliberate indifference to a serious medical need, and since I've had that procedure twice and I know that once — that it is not serious until it would descend into your testicles, then it becomes serious, and deliberate indifference means that they didn't do anything for you. They made arrangements, you've had surgery, it's been successful, so at this point your lawsuit is dismissed because the problem was resolved by medical treatment. It may not have been as fast as you wanted, you may have had pain from the time it was diagnosed until the surgery, but the fact that it was taken care of, it was arranged, shows that they were not deliberately indifferent.

By the time of Riley's surgery on October 14, seven months had passed since his symptoms began; sixth months had passed since White misdiagnosed him with constipation; five months had passed since he was correctly diagnosed with a hernia requiring surgery; and four months (at least) had passed since Riley had consistent access to pain medication. At no point during the merits hearings before the judge, however, was Riley asked to elaborate on his decision to sue the five named defendants. During the court's initial inquiry, the judge went through the list of defendants and asked Riley to clarify or confirm their names and, for two of them, their duties at the jail. But the court did not question Riley about the personal involvement of each defendant.

On appeal Riley challenges the conclusion that his complaint fails to state a claim for deliberate indifference simply because someone at the jail arranged for him to have surgery months after his lawsuit was filed. The Due Process Clause affords pretrial detainees at least as much protection as the Eighth Amendment's ban on cruel and unusual punishment. *Smith v. Knox Cnty. Jail,* 666 F.3d 1037, 1039 (7th Cir. 2012); *Williams v. Rodriguez,* 509 F.3d 392, 401 (7th Cir. 2007). Jailers have a duty to provide adequate medical care to prisoners. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To claim a breach of that duty, an inmate needs to allege that a defendant was deliberately indifferent to an

objectively serious medical condition. *See Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012); *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011).

We agree with Riley to the extent he argues that the district court gave the wrong reason for dismissing his lawsuit. An inmate states a claim for deliberate indifference by alleging that a defendant delayed necessary treatment and as a result needlessly prolonged his pain. *See Gomez,* 680 F.3d at 865; *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011); *McGowan v. Hulic,* 612 F.3d 636, 640 (7th Cir. 2010). Riley did not have surgery until five months after the need was obvious, and during those months he allegedly endured severe pain (with only intermittent access to pain medication) and at times could barely walk. We have made clear that allegations like these, if proven, might establish deliberate indifference. *See Gonzalez,* 663 F.3d at 314 (concluding that fact-finder could reasonably infer deliberate indifference from doctors' refusal to authorize hernia surgery despite almost two years of worsening pain: "While surgery can be postponed, delay is recommended only for patients with minimal or no symptoms. . . ."). A claim for suffering caused by deliberate delay is not extinguished simply because appropriate treatment eventually is provided. *See Smith,* 666 F.3d at 1040; *McGowan,* 612 F.3d at 640; *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007).

That said, there cannot be liability without personal involvement. *See Gonzalez,* 663 F.3d at 315; *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006). Riley's complaint plausibly alleges that only one of the defendants, Kolitwenzew, was personally responsible for his pain. Against the sheriff and Chief Downey, Riley alleges only that he complained to them in writing the same day his symptoms began; he does not even allege that those defendants had notice about his serious medical condition. *See Johnson,* 444 F.3d at 583 (explaining that prisoner's correspondence to jailer about pain was inadequate to support claim that jailer knew about underlying condition). More important, Riley does not suggest that either the sheriff or Chief Downey could or did stand in the way of his chance to see a medical care provider. Against the nurse, Riley alleges only that he complained about an unrelated diagnosis of ringworm. And, finally, Riley alleges that White initially diagnosed him with constipation and provided him with a three day supply of Tylenol, which is apparently all the treatment White provided before Riley was diagnosed with a hernia a month later. But this treatment — which included x-rays — amounts at most to negligence, which cannot support a claim of deliberate indifference. *See Arnett,* 658 F.3d at 751; *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006); *Walker v. Benjamin,* 293 F.3d 1030, 1039 (7th Cir. 2002).

Riley's complaint does state a claim against the assistant chief, Kolitwenzew. We construe complaints filed by unrepresented prisoners liberally. S*ee, e.g., McNeil v. United States,* 508 U.S. 106, 113 (1993); *Haines v. Kerner,* 404 U.S. 519, 520 (1973) (per curiam); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006). Riley alleges that he wrote Kolitwenzew two grievances about worsening pain after the constipation misdiagnosis, but

that he did not receive more medical care for over a month after the misdiagnosis. Riley alleges further that even after he was diagnosed with a hernia, he did not have the recommended surgery or receive adequate medication for his pain for more than five months, despite filing frequent grievances and filing a federal lawsuit. These facts plausibly allege that Kolitwenzew, who is in charge of federal prisoners at the facility — which has a capacity limited to about 300 prisoners, *see* Kankakee County Sheriff's Office, Detention Facilities, www.kankakeecountysheriff.com/DetentionFacilities.htm (last visited Mar. 15, 2013) — was aware of Riley's plight and did nothing to hasten surgery or minimize his pain. *See Prude v. Clarke,* 675 F.3d 732, 735 (7th Cir. 2012); *Hall v. Bennett,* 379 F.3d 462, 464 (7th Cir. 2004). Perhaps further investigation might show that Kolitwenzew was relying on the judgment of medical providers, but other possible, less benign inferences could reasonably be drawn from the allegations thus far. We cannot choose among those inferences on the pleadings.

The judgment dismissing Riley's complaint is **VACATED** as to defendant Kolitwenzew, and the case is **REMANDED** for further proceedings consistent with this order. In all other respects the judgment is **AFFIRMED**.