**Edwin E. TOLENTINO,**
**Plaintiff-Appellant,**

v.

**Michael BAKER, et al., Defendants-**
**Appellees.**

**No. 15-3710**

United States Court of Appeals,
Seventh Circuit.

Submitted March 8, 2017 *

Decided March 9, 2017

Edwin E. Tolentino, Pro Se·

Kaitlyn Noel Chenevert, Attorney, Office of the Attorney General, Chicago, IL, for Defendants-Appellees

Before WILLIAM J. BAUER, Circuit Judge FRANK H. EASTERBROOK, Circuit Judge ILANA DIAMOND ROVNER, Circuit Judge

**ORDER**

Edwin Tolentino, an inmate at Menard Correctional Center in Illinois, appeals the denial of his motion for a preliminary injunction in this suit under 42 U.S.C. § 1983 asserting claims of excessive force and deliberate indifference to back injuries he suffered while confined at the prison. Tolentino sought an injunction to compel a defendant prison official to transfer him to a new prison, to refer him to an outside hospital for an MRI of his back, and to issue nametags to all tactical officers so that they can be identified by grieving prisoners. The district court declined to issue the injunction, and Tolentino brought this interlocutory appeal, 28 U.S.C. § 1292(a)(1). We affirm.

In an amended complaint, Tolentino alleges being beaten, for no apparent reason, by correctional officer Michael Baker and unknown tactical officers, who jerked his head, slammed him against a crate, punched his abdomen, and kicked his back. Prison medical staff allegedly refused to take him to an outside hospital and ignored his pleas to treat pain from his back injury. Tolentino later told warden Kimberly Butler of the beating and his untreated back pain, but she only initiated an internal-affairs review. The review was completed, but it did not result in further medical care. Tolentino sought damages and injunctive relief, including (1) a transfer away from Menard, (2) a court order for an MRI to be performed on his back and spinal cord, (3) and a directive that defendant officers be fired or suspended without pay.

The district court screened the amended complaint, see 28 U.S.C. § 1915A, and allowed Tolentino to proceed on his excessive-force and deliberate-indifference claims against Baker and the unknown tactical officers; then-warden of Menard, Kimberly Butler (in her official capacity only); and the internal-affairs officers.

Tolentino filed a "proposed order," which the court construed as a motion for a preliminary injunction. In that motion, Tolentino repeated his requests for an MRI and transfer, and added a demand

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

that tactical officers be required to wear nametags because their anonymity allowed them to get away with unspecified "criminal conduct." He alleged that Baker had threatened to "make his life a living hell" for grieving about the earlier beating, and that Baker since had pushed him into cell bars and tightened his handcuffs until his hands turned purple and his wrists were scarred. He further alleged that medical staff continued to ignore his back pain and refused his repeated requests to arrange for an MRI, although he acknowledged that they'd provided him pain medication and referred him to the prison doctor.

The district court denied the injunction. The force allegedly used against Tolentino, the court explained, was "not ongoing," and none of the named defendants were involved in the decisionmaking regarding his "current medical care." Under these circumstances, the court concluded, granting the injunction would violate 18 U.S.C. § 3626(a)(2)'s requirement that injunctive relief be narrowly drawn, not more than necessary, and the least intrusive means to correct harm warranting relief.

On appeal Tolentino first challenges the district court's determination that he has not demonstrated the need to compel his transfer to another prison. But he has told us (in his reply brief) that the State has decided to transfer him from Menard to Stateville on March 8, 2017. If a prisoner seeking injunctive relief for conditions of confinement at a particular prison is transferred without a realistic possibility of return, then his request for relief becomes moot. See *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S.Ct. 721, 726–27, 184 L.Ed.2d 553 (2013) ("A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations omitted); *Deakins v. Monaghan*, 484 U.S. 193, 199–201, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (concluding that promise to dismiss claim, made at oral argument, rendered that claim moot). Tolentino does not suggest that he faces a realistic possibility that the prison's transfer decision will be revoked or that he will be returned to Menard. Any injunction requiring his transfer therefore would have no effect and be merely advisory. If the transfer decision is revoked, or if he is notified that he will be sent back to a prison that employs Baker, Tolentino then may seek equitable relief and the district court would need to consider whether he's entitled to it at that time.

Tolentino next disputes the district court's determination that he has not shown a need to compel the defendants to arrange promptly for an MRI of his back. The court, as we've noted, determined that an injunction was not warranted because none of the named defendants is responsible for Tolentino's medical care. But this explanation is questionable. A warden, named officially, is a proper party in a suit where a prisoner seeks injunctive relief from prison staff because the warden would be responsible for ensuring that the order is carried out, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In his suit Tolentino alleges that prison employees refuse to provide medical care that, according to him, is obviously necessary, and he seeks an injunction ordering that care. He further alleges that Butler, named in her official capacity as warden of Menard, became personally involved in this matter when he told her about unsuccessful treatment of his back pain and she ordered an internal-affairs investigation.

Nevertheless, the district court did not abuse its discretion in declining to order

the warden to arrange for an immediate MRI of Tolentino's back. One of the conditions a plaintiff must satisfy to obtain a preliminary injunction is irreparable harm, *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012), and Tolentino has not demonstrated that he will suffer irreparable harm without an MRI. He asserts that an MRI is obviously the only effective treatment for his back pain, but the need for an MRI is not obvious because it is "simply a diagnostic tool, and the decision to forego diagnostic tests is 'a classic example of a matter for medical judgment,'" *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014). Tolentino's disagreement with the medical staff's decision to treat him without an MRI does not show that he's likely to suffer permanent injuries, *See Pyles*, 771 F.3d at 412; *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008).

Lastly, Tolentino challenges the finding that he is not entitled to an order requiring tactical officers at Menard to wear nametags. Without nametags, he maintains that he will be unable to identify defendants to charge in the event of future violations. This argument is frivolous: he admits in his brief that he can file grievances against the officers without knowing their names, and furthermore, he can file lawsuits against unknown officers and add their names later after undertaking discovery.

Because Tolentino does not meet the requirements for preliminary injunctive relief, the district court did not abuse its discretion in denying his motion.

AFFIRMED.