| NONPRECEDENTIAL DISPOSITION |
| :--: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided March 17, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2537

| | |
| --- | --- |
| GERALD JONES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 19-1246-CSB |
| | |
| ROB JEFFREYS, et al., | Colin S. Bruce, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Gerald Jones, an Illinois prisoner, wants to sue prison officials for punishing him for filing a previous lawsuit. He accuses them of lying to isolate him in segregation and threatening to kill him if he returns to general population. Jones filed his proposed complaint in district court, but because he could not afford the filing fee, he moved to proceed in forma pauperis under 28 U.S.C. § 1915. The district court denied the motion

---

[*] Defendants were not served with process and have not participated in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

because Jones has three "strikes" under the Prison Litigation Reform Act, and because, the court ruled, he failed to satisfy the exemption for inmates who are "under imminent danger of serious physical injury." *See id*. § 1915(g). Because we conclude that Jones has adequately alleged such danger, we vacate the court's order denying Jones leave to proceed in forma pauperis and remand for further proceedings.

According to Jones, whose allegations at this stage we must presume are true, *see Wallace v. Baldwin*, 895 F.3d 481, 483 (7th Cir. 2018), officers started punishing him after he sued to challenge the adequacy of his mental-health treatment in *Jones v. Kennedy*, No. 18-CV-1295 (C.D. Ill. Aug. 8, 2018). (That case remains pending.) When Jones defeated a motion to revoke his pauper status in that case, officers responded by falsely accusing him of refusing to be searched, and then used that pretext to strip-search him and move him to segregation, taunting him to "file a lawsuit." After Jones successfully filed an internal appeal and was released from segregation, one of the same officers falsely accused Jones of a different rule violation. He and a group of other officers then rammed Jones against a wall, handcuffed him, knocked him to the ground, and pinned him there with a choke hold and knee on his back. Afterward, the officers returned Jones to segregation. This time they warned him to stay there or they would "kill [his] ass." Jones complained about their conduct to other prison officials, but none interceded. Jones filed this suit from segregation.

Recognizing his status as a restricted filer under § 1915(g), Jones highlighted for the district court three possible imminent dangers of physical harm: (1) prison officials were not providing him adequate mental-health treatment while he was in segregation; (2) his extended time in segregation was exacerbating his mental distress and tendency to self-harm; and (3) he was scheduled to leave segregation after three months, and he feared that the officers would fulfill their threat to kill him. The district court was not persuaded. It explained that Jones was already litigating a claim for his alleged lack of mental-health treatment in his other, pending case. And it added that Jones's allegations did not reflect an imminent danger because they described past events and Jones had already been released from segregation. Jones moved for reconsideration. He emphasized that he was still in segregation and was scheduled to return to general population in two months, which was when he feared an attack. The court denied the motion without addressing these arguments.

The district court's analysis was only partially correct. Jones may not rely on allegations that he raised previously in another pending suit to satisfy the imminent-danger exception; district courts have broad discretion to dismiss duplicative

suits. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888 (7th Cir. 2012). Jones's allegation that he is not receiving sufficient mental-health treatment at his prison is covered in his first lawsuit. So that allegation does not justify launching a second suit.

But the court overlooked Jones's other allegations, which are relevant to the imminent-danger exception. First, it incorrectly stated that Jones had been released from segregation. Apparently, it conflated Jones's allegations about his first placement there—from which he *had* been released—with his second. When he filed this suit, that second stint was still ongoing, and it is where he was isolated when defendants allegedly threatened him with death if he returned to general population. As for that alleged threat—an allegation that he repeated throughout the complaint and in his motion for reconsideration—the court said nothing.

We review de novo a district court's interpretation of § 1915(g), *Wallace*, 895 F.3d at 483, and we conclude that Jones's allegations satisfy the imminent-danger exception. The exception requires an inmate to allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). An allegation that extended solitary confinement exacerbates a prisoner's propensity for self-harm can satisfy this standard, separate from any claim about adequacy of mental-health treatment. *Wallace*, 895 F.3d at 485; *Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). So too can allegations that an inmate faces a looming threat of violence. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (holding that plaintiff satisfied imminent-danger exception when he alleged that officer beat him and threatened to do so again). Jones's complaint—asserting a danger of self-harm and a threat that officers may try to kill him soon—contains both types of allegations.

We end by emphasizing the limits of our ruling. To prevail, Johnson will need to prove that he is entitled to relief. Moreover, Jones has merely alleged an imminent danger of physical harm; that allegation simply allows him to start this lawsuit. *See Sanders*, 873 F.3d. at 960. If defendants wish to challenge Jones's pauper status after they are served with the complaint, they may put forth evidence disputing his allegations of imminent danger. *See id.* at 961–62 (explaining that allegations of imminent danger should be handled like allegations of jurisdiction). And if it later turns out that Jones's allegations of imminent harm are untrue, he must pay the full filing fee or face dismissal. In addition, if the court determines that he lied to manipulate the court and circumvent the three-strikes rule, the court may sanction him in addition to dismissing the suit, *id.*, and he may be subject to penalties for perjury.

We VACATE the district court's order and REMAND for further proceedings.