NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020[*]
Decided March 30, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3278

| | |
|---|---|
| CARLOS LINDSEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-cv-904-jdp |
| STACEY HOEM, et al., *Defendants-Appellees.* | James D. Peterson, *Chief Judge.* |

No. 19-3311

| | |
|---|---|
| CARLOS LINDSEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-cv-885-jdp |

---

[*] The district court dismissed the complaints in these cases at screening, *see* 28 U.S.C. § 1915(e)(2)(B), before any defendant appeared, and the appellees are not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and records adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

GARY A. BOUGHTON, et al.,                    James D. Peterson,
        *Defendants-Appellees.*                    *Chief Judge.*


**O R D E R**

Carlos Lindsey, a Wisconsin prisoner, brought two suits (which we have consolidated for decision) alleging violations of the Eighth Amendment, but a filing bar blocked him at the courthouse door. In the first suit, he maintains that while he was in solitary confinement, prison psychologists denied him medical care that he needs to prevent self-harm; in the second, he alleges that prison officials have forced him to mix with prisoners who have planned to attack him. Lindsey's filing bar (a sanction from a prior case) allows him to sue only if he alleges that he is in imminent danger of serious physical injury. The district court ruled that he failed to meet that standard in either case, but we conclude that he has, so we vacate the dismissals. But we also warn him that if he has lied, he may face even more onerous sanctions.

Lindsey is an untreated, mentally ill inmate who has been in administrative confinement (a form of segregation) for over eight years. (At this stage, we read his complaints and his briefs together on appeal, *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), and take his allegations as true, *see Wallace v. Baldwin*, 895 F.3d 481, 483 (7th Cir. 2018).) After three years in segregation, a prison psychologist diagnosed him with post-traumatic stress disorder, observed "significant elevations" of suicidal thoughts, and recommended treating "Mr. Lindsey per his request." Four years later, Lindsey (still in segregation) filed a health-care request, complaining that he had "not been receiving any treatment for [his] PTSD," despite his need and the availability of helpful treatments. Prison officials refused his request. Lindsey fears that without treatment for his PTSD, he is in danger of physically harming, or even killing, himself.

Lindsey is also in a four-phase program that allows prisoners in administrative segregation to re-enter the general population. After the first phase, prisoners must attend group recreation sessions. Violent clashes and stabbings have occurred during these sessions, so Lindsey (who is in the second phase) asked prison officials to keep him out of sessions with inmates who have pledged to harm him. They denied his request. Instead, they scheduled him for sessions with those prisoners, including one who they knew had already attacked him. That prisoner again attacked Lindsey during a group session in 2019—so badly that he was sent to an outside hospital. Afterward,

officers allegedly promised Lindsey that they would make sure he "get[s] [his] ass beat again."

In Lindsey's two suits, he alleges that, by refusing to treat his known risk of suicide in segregation and by failing to protect him from the known risk of attacks in group sessions, the defendants have violated the Eighth Amendment.

One year before he filed these suits, the district court had sanctioned Lindsey—he had lied in an affidavit in one case, and in another case he had signed a fellow inmate's name to documents without authorization. *See Lindsey v. Johnston*, No. 18-cv-398-jdp, 2018 WL 6606241 (W.D. Wis. Dec. 17, 2018). Mirroring the three-strikes provision of the Prison Litigation Reform Act, the court barred Lindsey from filing new cases except for habeas-corpus petitions and "complaints in which he alleges that he is in imminent danger of serious physical harm." *Compare id*. at *4, *with* 28 U.S.C. § 1915(g).

The court dismissed both of these new cases, ruling that Lindsey was not in imminent danger. For the self-harm suit, it thought that Lindsey did not allege an absence of all mental-health treatment and that his allegations were too vague. For the failure-to-protect suit, the court ruled that the danger was self-inflicted (because Lindsey could forgo group sessions), and that the threat was not ongoing, so no danger was imminent.

On appeal, Lindsey contends that he has satisfied the imminent-danger standard for both his self-harm and failure-to-protect suits. (He also contests the district court's power in *Lindsey v. Johnston* to impose the sanction, but Lindsey did not appeal that decision, so we may not entertain a collateral challenge to it. *See, e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–53 (2009).) We review for abuse of discretion a district court's decision to enforce its own rules against a litigant. *See Stevo v. Frasor*, 662 F3d 880, 886–87 (7th Cir. 2011). And we find an abuse here, recognizing that the PLRA defines imminent danger as a serious physical injury that is "imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Lindsey's first complaint alleges that prison staff have placed Lindsey in danger of imminent physical harm by failing to treat his PTSD. Suicidal ideation and a risk of self-harm, particularly for a mentally ill prisoner like Lindsey in prolonged segregation, satisfy the statutory imminent-danger exception that the court adopted in its sanction order. *See Wallace*, 895 F.3d at 484–85; *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017).

The core of Lindsey's complaint is that his untreated PTSD, after eight years in segregation, elevates significantly his risk of suicide and self-harm. We recognize that the district court thought that Lindsey failed to allege that he is not receiving any mental-health treatment. But Lindsey alleges that the defendants have denied him "any" treatment for his PTSD, which according to a prison psychologist is the condition that creates "significant elevations" of suicidal ideation and self-injurious behavior. So the first suit may go forward.

Lindsey's second complaint contains an allegation that he faces imminent danger of physical harm—from inmates planning to attack him. "Being placed near inmates on one's enemies list, despite pleas for transfer to a different location after being beaten by those enemies," meets the imminent-danger standard. *Ciarpaglini*, 352 F.3d at 331 (citing *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998)). Lindsey's complaint alleges that defendants have denied his requests to be separated from prisoners who they know have threatened and attacked him. And it also states that they put him in a group session with one of those very prisoners, and, after that inmate beat him savagely, they threatened to make sure that he "get[s] [his] ass beat again." We are mindful that the district court thought that Lindsey could choose to refuse to attend the group session and avoid that danger. But Lindsey alleges that he had no such choice. And because he has alleged that the guards have threatened another attack, Lindsey's second suit alleges an ongoing, imminent danger and may therefore proceed.

We end with a warning. Lindsey was not required to prove his allegations at this stage. *See Sanders*, 873 F.3d at 960. But the defendants may challenge the allegations of imminent danger after they are served with the complaints, and if the district court decides that the allegations are unfounded, it may dismiss the suits. *See id.* at 961–62. Furthermore, if Lindsey lied to manipulate the court into bypassing the imminent-danger exception, it may also fine him, sanction him with a filing bar that does not include an imminent-danger exception for civil suits, s*ee Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), and refer him for prosecution for perjury.

We VACATE the judgments and REMAND for further proceedings.