**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022[*]
Decided September 2, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1189

| | |
|---|---|
| GERALD JONES, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 21-cv-1305 |
| JOHN BURLE, et al., *Defendants-Appellees*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Gerald Jones, an Illinois prisoner, wants to sue medical staff at Pontiac Correctional Center for refusing to treat a painful hernia. He moved to proceed in forma pauperis under 28 U.S.C. § 1915(a). The district court denied the motion because Jones

---

[*] The appellees were not served with process and have not participated in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

has three strikes under the Prison Litigation Reform Act, and the court concluded he was not "under imminent danger of serious physical injury." *See id.* § 1915(g). Because Jones alleged an urgent untreated health condition, we vacate the decision denying leave to proceed in forma pauperis and remand for further proceedings.

According to Jones, whose allegations we take as true at this stage, *see Wallace v. Baldwin*, 895 F.3d 481, 483 (7th Cir. 2018), he has a protruding hernia that (at the time of the complaint in October 2021) was the size of a golf ball and growing, but medical staff have refused to treat or even examine the hernia. Jones filed multiple "sick call" requests, and an emergency grievance with the warden, all reporting that he has an "enlarged and painful" hernia that he "cannot push back in." Neither medical staff nor the warden responded to these entreaties. The lack of care for the painful condition exacerbated Jones's mental illness, and he experienced thoughts of harming himself.

With his complaint, Jones filed an application to proceed in forma pauperis. He acknowledged that he is a restricted filer under § 1915(g) but asked to proceed under the statute's imminent-danger exception. In ruling on the application more than two months later, the district court concluded that Jones's complaint about a denial of care back in October created "[n]o plausible inference" that he faced imminent danger. Thus the court denied the motion, dismissed the case for failure to pay the filing fee, and entered judgment. Jones moved for reconsideration, stressing that his hernia creates imminent physical danger; he attached documents explaining that hernias that cannot be pushed back in can become life-threatening. He also repeated that he was at risk of harming himself. The court denied the motion without addressing these arguments.

The district court also denied Jones's motion to proceed in forma pauperis on appeal, concluding Jones had no good faith basis to appeal. *See* § 1915(a)(3). Jones then renewed his request in this court, urging that he now had a second hernia, his "intestines [were] hanging out his groin area," and he still was being denied care. The motions judge granted the request because Jones "adequately demonstrated that he is in imminent danger of serious physical injury."

Now, Jones argues that the district court erred by denying his request to proceed in forma pauperis and dismissing his case. Under 28 U.S.C. § 1915(g), a person who, while incarcerated, has had three cases dismissed for failure to state a claim or similar reasons cannot file a new federal lawsuit without prepaying the fee, unless the person is in imminent danger of serious physical injury. We review a district court's application

of the imminent-danger exception de novo, except when it makes factual findings about the existence of the risk, which the court here did not. *Wallace*, 895 F.3d at 483.

To satisfy the imminent-danger exception, an inmate must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The complaint here adequately alleged an acute medical condition that amounts to such a danger.[1] Jones asserted that he has a large, painful hernia but has received no response to either his multiple written requests for a medical appointment or his emergency grievance to the warden about the failure to respond. The ongoing denial of care for a serious medical condition establishes an imminent danger of serious physical harm. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) (allegation that prisoner had an untreated wound sufficient to meet imminent-danger exception); *see also Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (explaining that a hernia can be an objectively serious condition requiring medical attention). Further, Jones's allegation that the fear and pain from the lack of medical attention caused thoughts of self-harm satisfies this standard. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017).

We remind Jones, as we have in the past, *see Jones v. Jeffreys*, 798 F. App'x 29, 31 (7th Cir. 2020), that our decision simply allows him to start his lawsuit. *Sanders*, 873 F.3d at 961. If the defendants wish to challenge his entitlement to in forma pauperis status, they may submit evidence disputing his allegations of a serious medical condition or the lack of treatment. *See id.* If it turns out that Jones's allegations are untrue, he must pay the full filing fee or face dismissal, *id.*, and he may incur additional sanctions such as a filing bar under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

Because we conclude that Jones adequately alleged that he faces an imminent danger of physical harm, we VACATE the denial of his application to proceed in forma pauperis and REMAND for further proceedings. Given that this appeal has been pending for over six months, and Jones alleges an urgent health concern, we exercise our authority to issue the mandate immediately. *See* FED. R. APP. P. 41(b).

---

[1] Jones also filed what we construed as a motion to supplement the record with additional facts, Mot., Doc. 12 (June 13, 2022), which we said we would take up with the merits. Order, Doc. 13 (July 15, 2022). We DENY the motion and do not consider facts outside the complaint. To the extent Jones has new information to support his claims, he can amend his complaint in the district court. *See* FED. R. CIV. P. 15(a)(1).